Nash, J,
 

 The defendant was charged' by the -relator ’with being the father of her bastard -child, which had been .previously thereto born. , The defendant was regularly, ¡and by the proper authorities, declared to be the father of ¡the child, and, under' the order of the County Court, of ■Davie County, of which county both parties were citizens, .gave the bond, upon which this action is brought. The County Court, at the same Term, made an order, “ that J. B. Ellis pay to Sally Potts, sixty dollars, in three annual payments, to wit-: $25, $20, $15, the first instalment to be ¡paid at this Term,” The action is brought to recover the
 
 *265
 
 first instalment of $25. The pleas were, conditions performed and not broken, release, and payment. On the trial, the defendant offered in evidence a release, executed by Sally Potts, for whose use the action is brought, to him, “ of all claims against him, founded either in law or. equity.” His Honor, who tried the case, among other things, charged the jury, “ that nothing but payment could discharge the defendant from liability, under the order of the Court, and
 
 that the plaintiff
 
 (the relator)
 
 had no such interest in the record, that she could release so as to defeat this recovery.”
 
 In' this we think there is error. One of the conditions in the bond is, “ and perform any order of said Court relative to said child, &c.” The Court made the order set forth in the case. The money was to be paid to Sally Potts; and the breach assigned in the declaration is for not paying this $25. Not paying it to whom ? and who under the order was entitled to receive it? Certainly, Sally Potts. How long the child had been born before the order of filiation, we are not informed, ■ but its mother had maintained it up to that time; and she was entitled to be reimbursed for her outlays; and it is usual in such cases for the Court, in its order, to provide for their immediate repayment by the father. In this case the twenty-five dollars, ordered to be paid during the Term of the Court, were intended to cover the expenses so incurred by the mother and which originally rested on the defendant. Her claim to them is very much in the nature of a claim for money laid out and expended for the use of the defendant — imperfect, it is true; but after the order it became perPect and obligatory. Sally Potts, therefore, had an interest, which she could release ;
 
 State
 
 v
 
 Harshaw,
 
 4 Dev. and Bat. 471, It is true, she could not, by any act of hers, release the defendant from his bond. The county, for whose use, as well as her own, it was given, still had claims under it against: the defendant; but she could discharge him from all obligation, which was exclusively to her, as the allowancefor-
 
 *266
 
 h.fcr
 
 past
 
 services. In their verdict the jury find, under the instruction of his Honor, against the defendant, “ and assess
 
 liev
 
 damage for the breach.” Now, it was competent for the defendant to show, that he had performed the order of the Court, ánd any evidence would be admissible, which proved, either that no damages ever arose to the relator» either in consequence of the performance of the covenant in the bond, or that the obligor was discharged from the performance, or that amends had been made for the breach assigned. “ The Court is obliged in these a.nd similar cases to look to the purposes of the action and the nature of the recovery, sought. It is: not given to any officious person, but to such only, as are aggrieved by the non-performance of any of the conditions. The action on the bond is, therefore, answered by any malter showing that the relator has no demand against the defendant, and, therefore, has sustained no damage.”
 
 State on the relation of
 
 Clark, &c. v.
 
 Cordon,
 
 8 Ire. 179, which, in principle, covers this case.
 

 We are of opinion there was error in his Honor’s charge, for which the judgment is. reversed and a
 
 venire de novo
 
 is awarded.
 

 l?jpa Curiam. Judgment accordingly.